The defendant was indicted for larceny and upon his case being called,Gordon, his counsel, objected to the Court's proceeding to try it, because the prisoner had been arrested by the U. S. Marshal of the district for robbing the mail, and was then in the custody of the Sheriff as his deputy and in the jail of the county under the act of the Legislature allowing the use of the jails of the State for such purposes, and referred to the provisions of our habeas corpus act, which excepts persons in custody for offenses under the laws of the United States from the operation of that act. *Page 11 
 But the Court overruled the objection and remarked that the sheriff had made return to the capias issued out of this Court for his arrest on this indictment, cepi corpus, and the prisoner was now in the dock. That the Court had no sufficient evidence of the facts stated by the counsel for the prisoner, and even if it had, it would appear that for the offense alleged against the laws of the United States, he was in the custody of the sheriff and the public jail of the county by the courtesy of the State, and there was no rule or principle of comity which required this Court for the reasons assigned to decline to try the prisoner for his alleged offense against the laws of this State.